#400

JHS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT NANCE<br>1107 S. Ruby Street<br>Philadelphia, PA 19143<br><br>Plaintiff,<br>v.<br><br>TECHNICAL ASSISTANCE CENTER FOR EMERGING CONTRACTORS, INC.<br>1415 N. Broad Street, Suite 229<br>Philadelphia, PA 19122;<br><br>ANTHONY FULLARD<br>203 East Cliveden Street<br>Philadelphia, PA 19119; AND<br><br>W&W CONTRACTORS, INC.<br>1713 S. 56th Street<br>Philadelphia, PA 19143<br><br>Defendants. | CIVIL ACTION NO.: 19 1892<br><br>**JURY TRIAL DEMANDED**<br><br>FILED<br>MAY 01 2019<br>KATE BARKMAN, Clerk<br>By_________Dep. Clerk |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Robert Nance ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendant Technical Assistance Center for Emerging Contractors, Inc. ("Defendant TAC"), Anthony Fullard ("Defendant Fullard"), and W&W Contractors ("Defendant W&W"), (collectively, "Defendants"), alleges as follows:

1. Plaintiff brings this action contending that Defendants have violated his rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. 333.100, *et seq.* by failing to pay him overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek as required under the FLSA and PMWA.

**PARTIES**

2. Plaintiff Robert Nance is a citizen of the United States and Pennsylvania and currently maintains a residence at 1107 S. Ruby Street, Philadelphia, PA 19143.

3. Upon information and belief, Technical Assistance Center for Emerging Contractors, Inc. is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address currently registered with the Pennsylvania Secretary of State of 1415 N. Broad Street, Suite 229, Philadelphia, PA 19122.

4. Upon information and belief, Defendant TAC provides skilled and unskilled labor for contractors throughout the Greater Philadelphia Area, including, but not limited to Defendant W&W Contractors.

5. Upon information and belief, Defendant W&W Contractors, Inc. is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an office address registered with the Pennsylvania Secretary of State of 1713 S. 56th Street, Philadelphia, PA 19143.

6. Upon information and belief, Defendant Anthony Fullard is an owner, principal, and/or operator of Defendant TAC and maintains a residence at 203 E Cliveden Street, Philadelphia, PA 19119.

7. Upon information and belief, Defendant Fullard maintains, and/or at all times relevant to the allegations contained herein, maintained operational control over Defendant TAC, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant TAC, including, but not limited to, Plaintiff.

8. Upon information and belief, Defendant Fullard was an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over significant aspects of Defendant TAC's day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, was ultimately responsible for ensuring Defendant TAC's compliance with the FLSA and PMWA, and was directly involved with the decision-making process with respect to Plaintiff's hiring and compensation.

9. Upon information and belief, Defendant W&W Contractors was an "employer" of Plaintiff for purposes of the FLSA and PMWA because it also exercised operational control over the terms and conditions of Plaintiff's employment, including, but not limited to, Plaintiff's hiring and compensation, and supervision of and control over Plaintiff's daily work activities.

10. Defendants TAC, W&W Contractors, and Fullard are "private employers" and covered by the FLSA and PMWA.

11. Defendants TAC, W&W Contractors, and Fullard are a joint, single, and/or integrated employer with respect to the individuals Defendant TAC places with Defendant W&W Contractors in the position of Laborer, including, but not limited to Plaintiff. Upon information and belief, Defendants share employees and collectively assert control over said individuals for purposes of hiring, firing, discipline, job assignments, and setting and enforcing payroll and other administrative policies.

12. During the course of his employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA in that he performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

13. Plaintiff was employed by Defendants TAC, W&W Contractors, and Fullard during all relevant times hereto and, as such, Plaintiff was an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. This action is authorized and instituted pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

17. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

18. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

19. Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20. Plaintiff first began his employment with Defendants in or around July 2011, when he was hired as a Laborer.

21. Plaintiff was interviewed for his position with Defendants by Timothy Gooden ("Gooden"), a foreman with W&W Contractors, at W&W Contractor's office location at 1713 S. 56th Street, Philadelphia, PA 19143.

22. Throughout the course of his employment with Defendants, Plaintiff regularly reported to Defendant W&W Contractors' offices for his work assignments.

23. Upon information and belief, while Mr. Gooden received his paychecks from Defendant W&W Contractors, Plaintiff received his paychecks from Defendant TAC.

24. Upon information and belief, Plaintiff's paystubs were processed through Defendant Fullard's ADP payroll account.

25. Upon information and belief, Mr. Gooden was responsible for tracking and reporting the hours worked by Plaintiff to Defendant TAC for payment.

26. As foreman, Mr. Gooden was also responsible for directing Plaintiff's work.

27. In his capacity as Laborer and/or Storekeeper, Plaintiff routinely worked in excess of fifty (50) to sixty (60) hours per week for Defendants.

28. However, despite the fact that Plaintiff regularly worked at least ten (10) to twenty (20) hours of overtime per week, Defendants failed to pay him overtime compensation at a rate not less than 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek.

29. By way of example, during the biweekly work period from June 1, 2018 to June 14, 2018, Plaintiff worked at least one hundred and twenty (120) hours, and thus least forty (40) hours of overtime, but did not receive an overtime premium for those overtime hours worked.

30. Defendants were aware that Plaintiff was working significant hours in excess of forty (40) per week but not receiving overtime compensation.

31. Indeed, on multiple occasions W&W Contractor's President, William Walker ("Mr. Walker"), told Plaintiff and other employees, "I don't pay overtime."

32. Although Plaintiff made multiple internal complaints regarding Defendants' failure to pay overtime compensation, including, but not limited to his supervisor, Mr. Gooden, as well as to Mr. Walker and Defendant Fullard, Defendants simply refused to pay overtime compensation to Plaintiff.

33. Moreover, while Plaintiff submitted time sheets reporting his actual hours worked to Defendants, upon information and belief, Defendants failed to pay Plaintiff for all the hours he reported and/or worked.

34. Upon information and belief, Defendants did not accurately track Plaintiff's work hours and did not keep or maintain accurate records regarding Plaintiff's actual hours worked.

35. Plaintiff's primary job duties consisted of manual labor relating to construction.

36. Plaintiff was not compensated on a salary or fee basis, and, as such, did not qualify for the exemption for executive, administrative, or professional employees under the FLSA or PMWA.

37. During the course of his employment, Plaintiff did not have the authority to hire or fire or exercise any managerial or supervisory authority over other employees of Defendants, nor did he make recommendations with respect to employee status changes to which Defendants lent significant weight. As such, Plaintiff did not qualify for the executive exemption from overtime under the FLSA or PMWA.

38. Plaintiff did not perform non-manual or office work related to Defendants' general business operations or management, nor did he exercise discretion or independent judgment as to matters of significance to Defendants. As such, Plaintiff did not qualify for the administrative exemption from overtime under the FLSA or PMWA.

39. Plaintiff's primary job duty was not the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. As such, Plaintiff did not qualify for the professional exemption from overtime under the FLSA or PMWA.

40. Furthermore, there are no other exemptions from overtime or the minimum wage under the FLSA or PMWA that are even potentially applicable to Plaintiff.

41. Plaintiff was thus a non-exempt employee of Defendants and was entitled to receive overtime compensation at 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek.

42. Defendants were aware that Plaintiff was entitled to overtime compensation, but intentionally chose not to comply with the requirements of the FLSA.

43. As a result of Defendants' willfully unlawful practices as described above, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

46. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

47. Defendants failed to pay Plaintiff overtime compensation for each hour he worked over forty (40) in a workweek at a rate not less than the greater of 1.5 times his regular rate of pay.

48. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

49. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

50. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a) Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked over forty (40) in a workweek;

b) Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

c) Awarding Plaintiff liquidated damages in accordance with the FLSA;

d) Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

e) Awarding pre- and post-judgment interest and court costs as further allowed by law;

f) Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

51. Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

53. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

54. By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

55. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a) An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

b) An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

c) An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: ______________________

Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: (267) 273-1054
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: May 1, 2019

**DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

JS 44 (Rev 06/17) Slomsky 19-1892

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert Nance

(b) County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

## DEFENDANTS

19 1892

Technical Assistance Center for Emerging Contractors, Inc., Anthony Fullard, and W&W Contractors, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201, et. seq.

Brief description of cause:
Failure to pay overtime compensation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE DOCKET NUMBER

MAY - 1 2019

DATE: 05/01/2019

SIGNATURE OF ATTORNEY OF RECORD

MAY - 1 2019

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

MAY - 1 2019 MAY - 1 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JHS 19 1892

DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1107 S. Ruby Street, Philadelphia, PA 19143

Address of Defendant: 1415 N. Broad Street, Suite 229, Philadelphia, PA 19122 (TAC); 203 East Cliveden Street, Philadelphia, PA 19119 (Fullard); 1713 S. 56th St., Philadelphia, PA 19143 (W&W)

Place of Accident, Incident or Transaction: 1713 S. 56th Street, Philadelphia, PA 19143

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/01/2019 ______ *Attorney-at-Law / Pro Se Plaintiff* 91262 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

**A.** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify)* Fair Labor Standards Act

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michael Murphy, Esq., counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

MAY - 1 2019

DATE: 05/01/2019 ______ *Attorney-at-Law / Pro Se Plaintiff* 91262 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JHS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Robert Nance<br>v.<br>Technical Assistance Center for Emerging Contractors, Inc., et al. | : | CIVIL ACTION<br>NO. 19 1892 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| May 1, 2019 | Michael Murphy, Esquire | Plaintiff Robert Nance |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-273-1054 | 215-525-0210 | murphy@phillyemploymentlawyer com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY - 1 2019